PHILLP A. TALBERT
Acting United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>ESEQUIEL FABELA,<br><br>           Defendant. | CASE NO.  1:20-CR-00098 DAD-BAM<br>                 1:15-CR-00225 DAD-BAM<br><br>STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on December 8, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

1   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6   or in writing").

7         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

9   justice continuances are excludable only if "the judge granted such continuance on the basis of his

10  findings that the ends of justice served by taking such action outweigh the best interest of the public and

11  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

12  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

13  the ends of justice served by the granting of such continuance outweigh the best interests of the public

14  and the defendant in a speedy trial." *Id.*

15        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

16  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

21  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

22  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

23  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

27

28        _____

          [1] The parties note that General Order 612 acknowledges that a district judge may make
          "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
          Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status conference on December 8, 2021.

2.      By this stipulation, defendant now moves to continue the status conference to February 9, 2022 at 1:00 p.m., and to exclude time between December 8, 2021, and February 9, 2022, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports, video and photographs.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Additionally, the parties have engaged in plea negotiations and the government has provided a plea agreement.

b)      Counsel for defendant desires additional time to review discovery, conduct investigation, and finalize plea negotiations.

c)      Additionally, counsel for defendant is currently in a multi-week murder proceeding in Fresno County Superior Court that has been extended in length due to COVID concerns.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 8, 2021 to February 9,

2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  December 2, 2021                                         PHILLIP A. TALBERT
                                                                Acting United States Attorney


                                                                /s/ KIMBERLY A. SANCHEZ
                                                                KIMBERLY A. SANCHEZ
                                                                Assistant United States Attorney


Dated:  December 2, 2021                                         /s/ MICHAEL AED
                                                                MICHAEL AED
                                                                Counsel for Defendant
                                                                ESEQUIEL FABELA

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

## **ORDER**

        IT IS SO ORDERED that the status conference is continued from December 8, 2021, to **February 9, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

  Dated:   **December 3, 2021**             /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE